UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEMANY JEAN FRANCOIS**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.: 1:24-CV-00057-RPM**

**JACKSON COUNTY, MISSISSIPPI, et al.**                               **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S
<u>FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES</u>**

COME NOW, Jackson County, Mississippi, Sergeant James McCoy and Wendy Nevels in their individual and official capacities, by and through counsel in the above-referenced matter, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this Memorandum in Support of Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies, and in support thereof would show unto the Court the following, to-wit:

**I. <u>INTRODUCTION</u>**

**A.**      **Plaintiff Francois' Allegations**

Plaintiff Josemany Jean Francois filed his *pro se* complaint [1] against Jackson County, Mississippi, Sergeant James McCoy and Wendy Nevels[1] challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff contends his constitutional rights were violated because he was housed in two (2) cells that contained mold which caused him to experience breathing

---

[1] Plaintiff originally filed a separate complaint against Wendy Nevels raising identical claims, which he voluntarily dismissed (Cause No. 1:24-cv-00063-HSO-RPM [32]) after the Court granted an *ore tenus* motion to add Ms. Nevels to the instant Complaint [34].

problems.

## II. STANDARD FOR SUMMARY JUDGMENT

It is well established that "[s]ummary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" FED.R.CIV.P. 56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).

The court must view "the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005)(citing *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992)). However, the non-movant "'must point to evidence showing that there is a genuine fact issue for trial' to survive summary judgment." *Goodman v. Harris County*, 571 F.3d 388, 393 (5th Cir. 2009) (citing *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## ARGUMENT AND CITATION OF AUTHORITY

A.     **42 U.S.C. § 1983 Claims**

Section 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. 42 U.S.C. § 1983. "Section 1983 neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relive the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas,* 660 F.2d 683 (5th Cir. 1981). Instead, Section 1983 "affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id. (*quoting 42 U.S.C.A. § 1983). A fundamental requirement of any Section 1983 claim is the existence of a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 330 (1986).

B.     **The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e**

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies through the prison grievance system before filing a lawsuit pursuant to 42 U.S.C. §1983. "No action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as a re available are exhausted." 42 U.S.C. §1997e(a).

The Fifth Circuit takes a "strict approach" to the exhaustion requirement under the PLRA. *Nottingham v. Richardson,* 499 Fed. Appx. 368, 373 (5th Cir. 2012); *Johnson v. Ford,* 261 Fed. Appx. 752, 755 (5th Cir. 2008)(citing *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003)). States Magistrate Judge F. Keith Ball noted:

> [The PLRA] clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

*White v. MTC*, No. 3:14-cv-188-FKB, 2015 WL 475972, at *2 (S.D. Miss. Feb. 5, 2015).

"Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Evans v. Harrison Cnty. Adult Det. Ctr.,* No. 1:18-cv-00087-RHW, 2020 WL 980149, at *1 (S.D. Miss. Feb. 28, 2020).

At the Omnibus Hearing held on February 20, 2025, the Court methodically questioned Francois about his understanding of the ADC's grievance process to gauge his understanding of the procedure. Francois repeatedly responded that he understood, yet, when questioned by counsel for the Defendants, he pled ignorance.

> Ms. Richardson: [Y]ou didn't address the complaints that you have in these lawsuits through your grievances, did you?
> Plaintiff: I guess not to the grievance process, but the general request, which is the same thing.
> . . .
>
> Plaintiff: [W]hen I first got to the jail, I don't know what to do. Our grievance process is different from the jail that they transferred me from. And they told – and if an officer tells me to go to general request, then that's where I go. I'm only listening to the officer. I don't know what to do.

*See* Exhibit "B" to Motion for Summary Judgment, *Transcript of Omnibus Hearing,* [36] p. 36, lines 20-24; p. 37, lines 5-10.

Though Francois attempts to claim he was ignorant of the process, the Fifth Circuit has made it clear that, "so long as the inmate had a fair, reasonable opportunity to apprise himself of hte procedures," courts may not determine the process was unavailable to the inmate. *Davis v. Fernandez,* 798 F.3d 290, 295 (5th Cir. 2015).

For the time period relevant to the present matter, the Jackson County ADC Handbook included an Inmate Grievance Procedure, and the Handbook was readily available to JCADC inmates such as Francois. *See* Affidavit of Jeremy Skipper, Exhibit "A" to Motion for Summary Judgment, with documents attached. The JCADC Inmate Grievance Procedure provides:

- Inmates may file a grievance when subject to a criminal act by another inmate, a prohibited act by a staff member, abuse or harassment, a violation of civil rights, or denial of common privileges without just cause.
- Inmates should file these grievances by directing an inmate request form to ADC Administration.
- The form should clearly state the problem and include a detailed account of the circumstances which led to the grievance.
- ADC Administration will review the form and decide what action, if any, should be taken.

*See* Excerpts from Inmate Handbook, Attachment 1 to Exhibit "A" to MSJ (emphasis in original).

Francois filed seven (7) grievances from January 17, 2024, until February 27, 2024, when he filed his Complaint. *See* Exhibit "A", Attachment 2, Grievances. Of those seven grievances, only two concerned Francois' cell preference and/or placement. On February 16, 2024, Francois requested to

speak to the Sheriff about why offenders with sex charges are housed in one zone when other zones are unoccupied. On February 18, 2024, Francois asked to be housed in a dorm that was not in the process of being repaired.[2]

Section § 1997e(a), by its plain language, requires no action be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). In *Smith v. Turner, supra,* the court noted, "[t]he PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces 'a useful record for subsequent judicial consideration.' *Woodford v. Ngo,* 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes." *Smith,* 2017 WL 536849, at *1. The court went on to explain:

> Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust the available prison grievance process before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). . . .

*Smith,* at *2.

Francois did not file grievances pursuant to the Prison Litigation Reform Act regarding his claim of being housed in moldy cells prior to filing his Complaint.

## CONCLUSION

Francois has failed, as a matter of law, to create any genuine issue(s) of material fact that would affect the outcome of this lawsuit because he cannot establish an element essential to his asserted claims. Specifically, he did not comply with the mandatory requirements of Section 1997e(a)

---

[2] At the Omnibus Hearing, Francois blatantly admitted that this grievance did not, "have anything to do with the moldy cell." (P. 36, lines 7-8)

of the PLRA regarding exhaustion of the administrative grievance procedures in the JCADC Handbook. Summary judgment should therefore be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants JACKSON COUNTY, MISSISSIPPI, SERGEANT JAMES McCOY and WENDY NEVELS respectfully request the Court grant their Motion for Summary Judgment for all of the reasons stated herein and in their Motion for Summary Judgment. Defendants further request any other relief to which they may be entitled.

Respectfully submitted, this the 21st day of April, 2025.

>JACKSON COUNTY, MISSISSIPPI,
>SERGEANT JAMES McCOY and
>WENDY NEVELS
>
>BY: /s *Anna J. Richardson*
>      *ANNA J. RICHARDSON*
>      Attorney for Defendants

## **CERTIFICATE OF SERVICE**

    I, ANNA J. RICHARDSON, hereby certify that on this date I filed the foregoing *Memorandum in Support of Motion for Summary Judgment* with the Clerk of the Court using the ECF system and that I mailed by United States Postal Service, postage pre-paid, a copy of the above to Josemany Jean Francois, Jackson County Adult Detention Center, 65 Bruce Evans Drive, Pascagoula, MS 39567.

    THIS, the 21st day of April, 2025.

BY: /s *Anna J. Richardson*
     *ANNA J. RICHARDSON*
     Attorney for Defendants

James H. Colmer, Jr. (MS Bar #6401)
Jackye C. Bertucci (MS Bar #9851)
Anna J. Richardson (MS Bar #102842)
Office of the Board Attorney
Post Office Box 998
Pascagoula, MS 39568-0998
Telephone: (228) 769-3371
E-mail: jcolmer@jcboardatty.com
E-mail: jbertucci@jcboardatty.com
E-mail: arichardson@jcboardatty.com